UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

JOSEPH P. HAND, SR. and
ALFRED C. NOWICKI,

    Plaintiff,

v.

NEW JERSEY STATE ATHLETIC
CONTROL BOARD, ET AL.,

    Defendants.

CIVIL ACTION NO.
12-cv-07363

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTIONS IN LIMINE**

Plaintiffs Joseph P. Hand, Sr. and Alfred C. Nowicki (collectively "Plaintiffs"), by and through their undersigned counsel, respectfully move this Court to grant Plaintiffs' Motions in Limine to exclude all evidence of other litigation involving Plaintiffs, to prohibit any reference to Plaintiffs' failure to appeal to the New Jersey Superior Court, and to exclude all evidence of Dennis Hasson's boxing career after Deputy Attorney General Nicholas Lembo found the NJ Contract void.

**FACTS**

On October 29, 2007, Dennis Hasson ("Hasson"), Joseph P. Hand ("Hand"), and Buddy Osborn, signed a three-year boxing contract with Hasson in the Commonwealth of Pennsylvania (the "PA Contract"). Hasson, the boxer, along with Hand and Osborn, the co-managers, signed the PA Contract which was endorsed by Executive Director Gregory Sirb of the Pennsylvania State Athletic Commission on November 3, 2007. In or around early September 2009, co-manager Osborn could no longer fulfill his duties under the PA Contract. Hasson and Hand

decided to bring a new co-manager, Alfred C. Nowicki ("Nowicki"), on board and renegotiate the terms of their agreement. On September 29, 2009, Hand, Nowicki and Hasson appeared before Deputy Attorney General Nicholas B. Lembo ("Lembo" or "Defendant Lembo") and Commissioner Aaron Davis at the New Jersey State Athletic Control Board (the "NJSACB") offices and the parties signed a new five-year boxer-manager contract (the "NJ Contract").

On August 12, 2011, Lembo learned of the PA Contract from Ken Hissner. Lembo then contacted the Pennsylvania Athletic Commission Executive Director, Gregory Sirb, who confirmed the existence of the previous PA Contract. On August 24, 2011, Lembo emailed Hasson to advise him that because no party had disclosed the Pennsylvania Contract to the NJSACB, that the NJSACB considered the NJ Contract void. Plaintiffs were never notified nor provided a hearing or other opportunity to be heard before Lembo emailed Hasson to advise him that the NJ Contract was considered void.

After learning of Lembo's decision to void the NJ Contract from others in the boxing industry on December 9, 2011, Nowicki and Hand sent a letter to the NJSACB requesting a meeting regarding the validity of the contract. On December 14, 2011, the NJSACB received letter from Gail E. Ahrens, Esq., attorney for Hasson, in which she requested a letter stating the NJSACB's position was that the New Jersey contract was void. On December 16, 2011, Ahrens sent a letter to Hand stating her opinion that Hasson was not bound by the NJ Contract. A copy of the letter was sent to Hasson, NJSACB and the Pennsylvania State Athletic Commission. On January 5, 2012, after Nowicki placed six unreturned telephone calls to the NJSACB offices, Lembo finally spoke with Nowicki and advised him that the NJ contract was void.

On January 5, 2012, Hasson filed a Verified Complaint and Order to Show Cause against Plaintiffs in the Chancery Division of the Superior Court of New Jersey (CAM-C-7-12). Hasson

sought a court order that he was not bound by the NJ Contract pursuant to the email from Lembo declaring the NJ Contract void.  The basis for Hasson's suit was Defendant Lembo holding the NJ Contract void.

On November 30, 2012, Plaintiffs filed this action claiming a violation of their substantive and procedural due process rights under 42 U.S.C. § 1983, tortious interference with a contract, tortious interference with prospective economic advantage, and civil conspiracy.

## LEGAL STANDARD

Courts may exclude evidence *in limine* in accordance with its power to manage trials. *Luce v. United States*, 469 U.S. 38, 41 (1984).  Motions *in limine* are "filed pre-trial and requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party."  *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (internal citations omitted).  The purpose of motions *in limine* are to "bar irrelevant, inadmissible, and prejudicial issues from being introduced at trial, thus narrowing the evidentiary issues for trial."  *Id.* (internal citations omitted).

## ARGUMENT

This is a 42 U.S.C. § 1983 lawsuit stemming from violations of Plaintiffs' due process rights.  Specifically, Defendant Lembo held the NJ Contract void without providing Plaintiffs any notice or an opportunity to be heard.  In considering Plaintiffs' instant *In Limine* Motions, it is important to make a distinction between: (1) the <u>decision</u> made by Defendant Lembo to void the NJ Contract, and (2) the <u>process</u> (of lack thereof) that led to the decision.  Of course, Plaintiffs' disagree with Defendant Lembo's <u>decision</u> to hold the NJ Contract void; however, that is not what brought this matter to this Court.  This is a due process lawsuit.  Accordingly, the

chief question for the jury is whether or not Defendant Lembo afforded Plaintiffs' notice or an opportunity to be heard before holding the NJ Contract void.

**I.   MOTION IN LIMINE NO. 1: TO EXCLUDE EVIDENCE REGARDING OTHER LITIGATION INVOLVING PLAINTIFFS.**

Plaintiffs anticipate that Defendant will attempt to introduce at trial evidence regarding a lawsuit involving Plaintiffs and Hasson commenced subsequent to Defendant Lembo's decision. Federal Rule of Evidence 401 states that "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, Federal Rule of Evidence 403 states "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  Evidence that is not pertinent to the issues is immaterial, and it would be an error to allow the introduction of such.

On January 5, 2012, Hasson, a non-party to this action, filed a Verified Complaint and Order to Show Cause against Plaintiffs in New Jersey Superior Court (CAM-C-7-12). The action sought to enforce Defendant Lembo's unconstitutional decision holding the NJ Contract void without providing Plaintiffs' a notice or opportunity to be heard.  Hasson sought a court order that he was not bound by the NJ Contract in light of Defendant Lembo holding the NJ Contract void.  While Hasson's suit was a consequence of Defendant Lembo's unconstitutional actions, it is irrelevant and immaterial to Plaintiffs' instant claims, and should be excluded on those grounds.

Evidence of the Superior Court action is not relevant for the jury to make a determination as to whether Defendant Lembo violated Plaintiffs' Constitutional Due Process Rights by

4

refusing to provide them with notice and an opportunity to be heard prior to holding the NJ Contract void. Even if this Court were to find this evidence was relevant, its prejudice would far outweigh its probative value. It will confuse the issues, unduly delay testimony on critical issues in the case, and cause undue prejudice. The chief danger of this evidence is that a jury will believe that the state court proceeding in some way constitutes due process to Plaintiffs. Further, it would create the inference that Plaintiffs had engaged in some wrongful conduct to end up as defendants in the state court action. In reality, they were being victimized again by Defendant Lembo's unconstitutional actions.

This evidence is inadmissible because it has zero probative value, yet poses a great risk of prejudice. Accordingly, any evidence of the NJ Superior Court action should be excluded.

## II. MOTION IN LIMINE NO. 2: TO PROHIBIT ANY REFERENCE TO PLAINTIFFS FAILURE TO APPEAL TO NEW JERSEY SUPERIOR COURT.

Plaintiffs anticipate that Defendant will attempt to assert at trial that Plaintiffs failed to appeal Defendant Lembo's decision to New Jersey Superior Court, Appellate Division. This assertion is clearly irrelevant, immaterial and would be unfairly prejudicial to the Plaintiffs and any reference or evidence related to this assertion should be excluded on those grounds.

Evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not pertinent to the issues is immaterial, and it would be an error to allow the introduction of such.

Plaintiffs' basis for this action is Defendant Lembo holding the NJ Contract void without notice or an opportunity to be heard. Defendant contends that Plaintiffs' failure to appeal Defendant's decision to the New Jersey Superior Court, Appellate Division somehow bars Plaintiffs from relief in this action. This baseless argument again attempts to blur the lines

5

between the Defendant's decision (holding the NJ Contract void) and Defendant's refusal to provide Plaintiffs a notice and opportunity to be heard before making that decision (Due Process Violation). This lawsuit is about the latter. Plaintiffs' had no obligation to appeal a violation of their due process rights. Even assuming arguendo Plaintiffs had some obligation, which they did not, Defendant Lembo refused to notify them of his decision regarding the NJ Contract rendering any appeal an impossibility. This irrelevant evidence has the potential to needlessly create a trial within a trial which is strongly disfavored. See *Zubulake v. UBS Warburg LLC*, 482 F. Supp. 2d 536, 543 (S.D.N.Y. 2005).

Alternatively, if the court finds that such evidence is relevant, it should be excluded because it would necessitate undue consumption of time and judicial resources, create substantial danger of undue prejudice of Plaintiff, and confuse and mislead the jury. Fed. R. Evid. Rule 403. Defendant wishes to introduce this evidence in an attempt to shift blame to Plaintiffs for damages caused by Defendant Lembo unconstitutional actions. Issues and arguments resulting from admission of this evidence would certainly prejudice Plaintiffs and likely confuse and mislead the jury. Thus, evidence of or reference to the Defendant's contention regarding an appeal in New Jersey Superior Court, Appellate Division should be excluded and prohibited.

### III. MOTION IN LIMINE NO. 3: TO EXCLUDE EVIDENCE OF DENNIS HASSON'S BOXING CAREER AFTER LEMBO HELD THE NJ CONTRACT VOID.

Plaintiffs anticipate that Defendant will attempt to introduce at trial evidence regarding Hasson's boxing record and career after Defendant Lembo voided the NJ Contract. Evidence of this kind is clearly irrelevant and immaterial and should be excluded on those grounds.

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is only relevant if it has a tendency to prove or disprove a fact that is of consequence to the determination of the action. Fed. R. Evid. 401. Evidence of Hasson's career subsequent to Defendant Lembo holding

the NJ Contract void should be excluded because it is irrelevant as to whether or not Plaintiffs were provided notice and an opportunity to be heard. Accordingly, such evidence should be barred.

## PRAYER

Plaintiffs respectfully request that this Court issue an order: (1) excluding all evidence of, as well as any mention of or reference to, other litigation involving Plaintiffs; (2) excluding all evidence of, as well as any mention of or reference to, Plaintiffs' failure to appeal the voided contract in the New Jersey Superior Court, Appellate Division; (3) excluding all evidence of, as well as any mention of or reference to, Dennis Hasson's boxing career after the NJ Contract was voided; and (4) any other relief the Court may deem just and proper.

Respectfully submitted,

Dated: April 22, 2016

By: /s/ Ryan R. Janis
Ryan R. Janis, Esq.
JEKIELEK & JANIS LLP
203 E. Pennsylvania Blvd.
Feasterville, PA 19053
T: 215-396-2727
F: 267-386-2167
E: ryan@jj-lawyers.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2016, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing.

By: /s/ Ryan R. Janis
Ryan R. Janis, Esq.